IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE LEE McLENDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00631 |
| CPL. F/N/U RYLE, et al., | ) ) JUDGE RICHARDSON |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by Plaintiff Jessie Lee McLendon, an inmate of the Montgomery County Jail in Clarksville, Tennessee. Plaintiff did not pay the civil filing fee, nor did he file an application for leave to proceed *in forma pauperis* (IFP), i.e., without prepaying fees and costs. One or the other is required for the Court to process the complaint.

Moreover, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has previously filed three actions in this court which were dismissed for failure to state a claim. *See McLendon v. Montgomery Cnty. Jail, et al.*, No. 3:12-cv-01118 (M.D. Tenn. Oct. 31, 2012); *McLendon v. Montgomery Cnty. Jail*, No. 3:13-cv-00854 (M.D. Tenn. Aug. 30, 2013); *McLendon v. Montgomery Cnty. Jail*, No. 3:18-cv-00276 (M.D. Tenn. Apr. 5, 2018). In light of these prior dismissals, Plaintiff is a "three-striker"

who may proceed as a pauper in this action only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, Plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). In making this determination, the Court must construe the complaint liberally, as "the imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* Still, Plaintiff's allegations "must not be irrational, incredible, or speculative, and must describe with sufficient detail why [he] is in imminent danger." *Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing *Vandiver*, 727 F.3d at 585).

Plaintiff's sole claim is that, after informing Jail officials on April 30, 2020 that he wanted "to switch [his] religion to Muslim and observe Ramadan," he was denied meal service at the times prescribed for the observance of Ramadan, in violation of his First Amendment rights, on grounds that Jail rules established a "cut off [of] April 23 for inmates who [were] in the Jail prior to that" to sign up for the Ramadan food-service schedule. (Doc. No. 1 at 3, 5–7.) As relief, he seeks compensatory damages and injunctive orders directed to the Jail's policies regarding Ramadan food service. (*Id.* at 7.) Plaintiff's allegations do not suggest that he was in any physical danger at the time he filed the complaint, much less "imminent danger of serious physical injury" for

purposes of Section 1915(g). The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case.

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Within **30 days** of the entry of this Order, Plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE